IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| GARY S. CONRAD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:11-CV-106 |
| | ) |
| WASHINGTON COUNTY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### **MEMORANDUM OPINION**

This civil action is before the court for consideration of the "Motion to Dismiss of Defendant Southern Health Partners, Inc." [doc. 12] and the "Motion to Dismiss" filed by defendants, Washington County, Washington County Sheriff's Department, and Major Brenda Downes, [doc. 14].[1] Plaintiff moved for additional time to respond to the motions [doc.17]. That motion was granted by an order entered September 22, 2011, in which plaintiff was given until October 3, 2011, to file his responses [doc. 18]. To date, plaintiff has not responded to either motion to dismiss.

Plaintiff has filed suit pursuant to 42 U.S.C. § 1983 for alleged violation of his constitutional rights for defendants' deliberate indifference to his medical needs, and claims based on Tennessee state law, including medical malpractice. For the reasons that follow,

---

[1] Both motions seek dismissal of plaintiff's "complaint." However, prior to the filing of these motions, plaintiff filed an amended complaint. Therefore, the court will consider defendants' motions to be seeking dismissal of plaintiff's amended complaint [doc. 2].

the motions will be granted, and this case will be dismissed.

I.

*Background*

In December 2009, plaintiff was incarcerated in the Washington County Detention Center. Plaintiff alleges that on or about December 6, 2009, he tripped and injured his left ankle and leg. His injury was evaluated by a nurse employed by Southern Health Partners ("SHP") and he was taken to the Johnson City Medical Center for treatment. An examination revealed that he had blood clots in his left ankle and leg area. Medications were prescribed, one involved injections, and plaintiff was released back to the detention center. Plaintiff alleges that he did not properly receive his medications and he experienced pain and swelling in his ankle and leg. On December 14, 2009, plaintiff was transported back to the medical center where he was admitted for treatment of blood clots. He remained hospitalized until January 14, 2010. Plaintiff further alleges that upon his return to the detention center he did not receive the testing as prescribed by his physician.

II.

*Standard of Review*

Defendants' motions are brought pursuant to Federal Rule of Civil Procedure 12(b)(6). Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon

2

which relief can be granted." In resolving a motion under Rule 12(b)(6), the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Bowman v. United States*, 304 F. App'x 371, 374 (6th Cir. 2008) (citing *Ass'n of Cleveland Fire Fighters*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555)).

In addressing a motion under Rule 12(b)(6), the court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l*

*Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted); *see also Gee v. UnumProvident Corp.*, No. 1:03-CV-147, MDL 1:03-MD-1552, 2005 WL 534873, at *7 (E.D. Tenn. Jan. 13, 2005) ("[I]f documents are attached to, incorporated by, or specifically referred to in the complaint, they are considered part of the complaint and the Court may consider them.") (citing *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997); *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

III.

*Analysis*

**Southern Health Partners**

SHP argues that the three state law claims asserted against it all sound in medical negligence, and because plaintiff failed to comply with the Tennessee Medical Malpractice Act ("TMMA"), Tennessee Code Annotated § 29-26-121 and 122, they should all be dismissed.[2] The court agrees that the state law claims should all be dismissed but not for the same reasons argued by SHP. The claims asserted pursuant to Tenn. Code Ann. § 41-

---

[2] SHP was a private entity that contracted to perform traditional state functions, providing medical services for inmates of the Washington County Detention Center. As such, it could be sued pursuant to 42 U.S.C. § 1983. *See Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993). It cannot, like a municipality, be held liable under a *respondeat superior* theory of liability. *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996). A private contractor can, however, be held liable for a policy or custom of that private contractor, but not for a policy or custom of the municipality. *See Hicks*, 992 F.2d at 1458; *Street*, 102 F.3d at 817. Plaintiff made no allegations regarding any custom or policy of SHP nor did he allege a violation of § 1983 as to SHP. Since SHP cannot be held vicariously liable for any § 1983 violation of its nurses, the state law claims are all that can be asserted against this defendant.

4

4-115 and the Tennessee Constitution will be addressed in a separate section herein. Thus, the court will address SHP's motion to dismiss in the context of only the medical malpractice claims.

Tennessee law requires that written notice be sent to each healthcare provider named as a defendant in a medical malpractice lawsuit. Tenn. Code Ann. § 29-26-121(a)(1). The statute is very specific about how and when the notice must be sent and the information the notice must contain. Tenn. Code Ann. § 29-26-121(a). SHP argues that plaintiff did not serve his notice properly pursuant to Tenn. Code Ann. § 29-26-121(a)(4); he did not identify in the notice the claimant's name and address pursuant to Tenn. Code Ann. § 29-26-121(a)(2)(B); and he did not provide a medical authorization that strictly complies with HIPPA pursuant to Tenn. Code Ann. § 29-26-121(a)(2)(E). The court has considered these contentions and agrees that plaintiff's notice is deficient as described by SHP.

The notice requirements of the TMMA are substantive law. *Southwell v. Summit View of Farragut LLC*, No. 3:10-CV-550, 2011 WL 2749614, at *3 (E.D. Tenn. July 15, 2011); *Miller v. Monroe Cnty., Tenn.*, No. 3:09-CV-85, 2010 WL 1427298, at *4 (E.D. Tenn. Apr. 7, 2010). By failing to comply with the requirements of the TMMA, plaintiff has failed to state a claim for medical malpractice for which relief can be granted. *Southwell*, 2011 WL 2749614 at *5. Accordingly, dismissal of plaintiff's medical malpractice claims with prejudice is appropriate. *Id*. (citing *Maliani v. Vanderbilt Univ. Med. Ctr.*, No. 3:10-0235, 2010 WL 4054268, at *4-*7 (M.D. Tenn. Oct. 12, 2010)). Therefore, SHP's motion

5

to dismiss as to plaintiff's medical malpractice claims will be granted.

## Washington County Defendants' Motion

Defendants Washington County, Washington County Sheriff's Department, and Major Brenda Downes have moved to dismiss plaintiff's lawsuit on the grounds that the statute of limitations bars recovery and plaintiff failed to comply with the requirements of Tenn. Code Ann. § 29-26-121 and § 29-26-122.[3]

Plaintiff filed his original complaint on April 6, 2011. The fall resulting in plaintiff's ankle and leg injury occurred on December 6, 2009, and he alleges inadequate treatment in December 2009 and January 2010.

State law determines the statute of limitations for § 1983 claims because that statutory section does not contain its own limitations period. *Sharpe v. Cureton*, 319 F.3d 259, 266 (6th Cir. 2003). Tennessee has a one year statute of limitations for actions brought under federal civil rights statutes, including § 1983. *Id.* at 266 (citing Tenn. Code Ann. § 28-3-104(a)(3); *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986)). However, federal law determines when a civil rights action accrues. *Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 548 (6th Cir. 2000) (citing *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)). In *Hughes*, the

---

[3] Although not raised in defendants' briefing, the Washington County Sheriff's Department would be entitled to dismissal on the sole basis that it is not a suable entity. A sheriff's department is not a separate legal entity subject to suit. *Bradford v. Gardner*, 578 F. Supp. 382, 383 (E.D. Tenn. 1984); *Brock v. Warren Cnty., Tenn.*, 713 F. Supp. 238, 244 (E.D. Tenn. 1989); *cf. McCoy v. Lincoln Cnty. Jail,* No. 4:09-cv-15, 2009 WL 1256909, at *2 (E.D. Apr. 29, 2009) (cases cited therein) (jail not legal entity capable of being sued).

6

Sixth Circuit stated the following regarding the accrual of a civil rights action:

> In *Sevier,* this court concluded as follows: The statute of limitations commences to run when the plaintiff knows or has reason to know of the injury which is the basis of his action. A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence.

*Hughes*, 215 F.3d at 548 (internal quotation marks and citation omitted).

Plaintiff knew of his claims related to his fall and the treatment associated with his fall more than a year prior to the filing of his complaint. The allegations related to those claims, whether against the individual defendants or in relation to the county's policies or customs, concern events that occurred more than one year prior to April 6, 2011, the date the original complaint was filed.

To the extent there is any application of the Governmental Tort Liability Act ("GTLA") to plaintiff's claims, as argued by defendants, the claims are subject to dismissal on that basis. The GTLA also has a one year statute of limitations. Tenn. Code Ann. § 29-20-305(b); *Sutton v. Barnes*, 78 S.W.3d 908, 914 (Tenn. Ct. App. 2002).

The Washington County defendants also argue that the Tennessee medical malpractice claims asserted against them should be dismissed for the same reasons argued by SHP, and they adopt those arguments. The court agrees, and the medical malpractice claims to the extent they are brought against Washington County, the Washington County Sheriff's Department, and Major Brenda Downes will be dismissed.

7

## "Doe" Defendants

In the complaint, plaintiff makes allegations against three Jane Doe nurses employed by SHP and one Jane and two John Doe correctional officers with the Washington County Sheriff's Department. These unknown defendants have not been served with process; thus, they were not served within 120 days of the filing of the original complaint as required by Federal Rule of Civil Procedure 4(m). This fact can be a basis for dismissing these defendants. *Doughty v. City of Vermillion*, 118 F. Supp. 2d 819, 821 n.1 (N.D. Ohio 1999) (failure to complete service of process on John Doe defendants within 120 days an additional reason for dismissing those defendants); *Cox v. Lawson,* No. CIV .A. 397CV-678-S, 1998 WL 34078441 (W.D. Ky. Dec. 18, 1998) (failure to show good cause for not meeting service requirements of Rule 4(m) grounds for dismissing "Unknown Defendants"); *Collins v. IRS,* No. 1:94-CV-685, 1995 WL 545285 (N.D. Ohio May 26, 1995) (failure to obtain service on John/Jane Doe defendants in accordance with Rule 4(m) grounds for dismissal of those defendants).

More importantly, however, even if plaintiff were given the opportunity to identify these defendants and attempt to serve them at this point in time, his efforts would be futile. An action cannot be commenced against fictitious parties. *Bufalino v. Mich. Bell Tel. Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968) (action against Doe defendants never commenced because they were not identified nor served with process); *accord Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996). "Substituting a named defendant for a 'John

8

Doe' defendant is considered a change in parties, not a mere substitution of parties." *Id*. "[U]ntil an amendment adding additional defendants has been permitted by the court, the John Doe allegations are merely 'surplusage'. . . ." *Dunn v. Paducah Int'l Raceway*, 599 F. Supp. 612, 613 n.1 (W.D. Ky. 1984) (citing *Hannah v. Majors*, 35 F.R.D. 179, 180 (W.D. Mo. 1964)). Thus, in order to bring in named defendants for the "Doe" defendants requires amending the complaint. However, as discussed above, plaintiff's federal civil rights claims under § 1983 are subject to a one year statute of limitations.[4] The events that precipitated this lawsuit occurred starting with an accidental fall on or about December 6, 2009 and treatment, or the lack thereof, during December 2009 and January 2010. The complaint was not filed until April 6, 2011.

Once the statute of limitations has run, Federal Rule of Civil Procedure 15 allows the substitution of parties to correct a mistake in identity, but it does not allow the addition of new parties. *Cox,* 75 F.3d at 240.

> It is well established that the "mistaken identity" requirement is not satisfied "where the caption of an original complaint refers to 'unknown police officers' and, after expiration of the applicable limitation period, an amended complaint specifically names those officers." *Force v. City of Memphis*, No. 95-6333, 1996 WL 665609, at *3 (6th Cir. Nov. 14, 1996) (citing *Cox*, 75 F.3d at 240). This is so because "a plaintiff's lack of knowledge

---

[4] Plaintiff alleges that the Jane Doe nurses were acting under color of state law and therefore would fall within the ambit of the § 1983 claim. Indeed, personnel who are contracted by a state to provide medical services to its prison inmates act under color of law. *See Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993) ("A prison physician who furnishes medical services to state prison inmates as part of his contractual duties to that state acts under color of state law for the purposes of § 1983.").

9

> pertaining to an intended defendant's identity does not constitute
> a 'mistake concerning the party's identity' within the meaning
> of Rule 15(c)." *Moore v. Tennessee*, 267 F. App'x 450, 455 (6th
> Cir. 2008) (citing *Cox*, 75 F.3d at 240).

*Keene v. Justice*, No. 07-250, 2009 WL 649159, at *1 (E.D. Ky. Mar. 10, 2009). Even if plaintiff were now able to identify any of the "Doe" nurses and correctional officers he refers to in the complaint and amended complaint, any effort to amend and bring them into the lawsuit would be futile. Accordingly, it is appropriate to dismiss all of the "Doe" defendants and the claims asserted against them.

IV.

*Other Claims*

Plaintiff alleges a claim based on the Tennessee Constitution. However, plaintiff cannot state a claim for violation of the Tennessee Constitution because "Tennessee does not recognize an 'implied cause of action for damages based upon violations of the Tennessee constitution.'" *Carlson v. Lunsford*, No. 05-1025 B/An., 2007 WL 470437, at *9 (W.D. Tenn. Feb. 8, 2007) (citing *Bowden Bldg. Corp. v. Tenn. Real Estate Comm'n,* 15 S.W.3d 434, 446 (Tenn. Ct. App. 1999)); *see also Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996) ("The plaintiff can state no claim of a state constitutional violation in this case because Tennessee does not recognize a private cause of action for violations of the Tennessee Constitution."). Accordingly, this claim will be dismissed as to all defendants.

10

Count 4 of the complaint references a violation of Tenn. Code Ann. § 41-4-115 by "all Defendants." This statutory provision provides in relevant part: "The county legislative bodies alone have the power, and it is their duty, to provide medical attendance for all prisoners confined in their respective counties." Tenn. Code Ann. § 41-4-115(a). The Washington County defendants make no reference to the claim in arguing their motion but contend that all the state law claims are barred by the one year statute of limitations under the GTLA. In its motion, SHP references the provision, but considers it all part of plaintiff's medical malpractice claim.

This claim would not apply to all the defendants named in the lawsuit. "[A]lthough there are no Tennessee state cases directly on point, it does appear that Tennessee courts agree that the appropriate defendant in claims brought pursuant to section 41-4-115(a) is the county . . . ." *Pruitt v. Lewis*, No. 06-2867, 2007 WL 4615947, at *7 (W.D. Tenn. Dec. 28. 2007). Thus, the statute would only have application to Washington County, which has successfully argued that the state negligence claims asserted against it are barred by the applicable GTLA statute of limitations. Therefore, this claim also will be dismissed as to all defendants.

IV.

*Conclusion*

Accordingly, for the reasons stated herein, the motion to dismiss filed by SHP and the motion to dismiss filed by defendants Washington County, Washington County Sheriff's Department, and Major Brenda Downes will be granted, and this civil action will be dismissed. An order consistent with this opinion will be entered.

ENTER:

s/ Leon Jordan  
United States District Judge